UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>MENDEZ CONCRETE, and<br>MICHAEL ROBERTS,<br><br>        Defendants. | Case No. CR 07-767-RCF<br><br>ORDER GRANTING<br>DEFENDANT'S MOTION TO DISMISS |

On February 23, 2009, defendant Mendez Concrete filed a "Motion to Determine Criminal Jurisdiction," seeking dismissal of this action for lack of jurisdiction. The Government filed an opposition on March 6, 2009. Mendez Concrete filed a reply on March 9, 2009.

In its reply, Mendez Concrete seeks judicial notice of the pleadings and ruling issued by the Court in United States v. Craig Anderson, case no. CR 07-766-RCF, and the pending civil action filed against Mendez Concrete in United States v. Berry General Engineering Contractors, Inc., et al., case no. CV 09-1250-CAF(Ex). The Court grants the request.

The Court conducted a hearing on the motion on March 13, 2009. For the following reasons, the motion is granted and the action is dismissed for lack of jurisdiction.

**Background**

On August 6, 2007, the Government filed a two count Information against Mendez Concrete, a California corporation, and its employee, Michael Roberts, in connection with a

fire that occurred on October 23, 2003, known as the Piru Fire. The Government alleges 32,500 acres of land burned in the Los Padres National Forest. Both defendants are charged with causing national forest trees, brush, and grass to burn without a permit, in violation of 36 C.F.R. § 261.5, and placing a gas powered saw in a manner hazardous to safety, in violation of 36 C.F.R. § 261.10(f).

In the complaint filed in United States v. Berry General Engineering Contractors, Inc., et al., the Government alleges that the Piru Fire ignited on land within the Lake Piru Recreation Area, specifically, at the Juan Fernandez Boat Launching Facility Project, which is operated by the United Water Conservation District. Mendez Concrete was retained as a subcontractor on the project to build the launch facility. In installing a corrugated steel drainage/culvert pipe, its employees used a gasoline powered radial saw to cut a bolt off a drainage conduit. Sparks from the saw ignited a fire, which spread to the Los Padres National Forest.

It is undisputed that Mendez Concrete did not act on federal property when its employees used the saw that sparked the fire. Rather, Mendez Concrete took action on non-federal land owned by the Conservation District. Mendez Concrete moves to dismiss the Information for lack of subject matter jurisdiction, arguing that the regulations at issue do not apply to conduct that takes place on non-federal property.

## Discussion

**A. The Authority of the Secretary of the Department of Agriculture to Regulate the Use of Forest Lands**

Under 16 U.S.C. § 472, the Secretary of the Department of Agriculture is authorized to execute laws governing the national forests. See also 7 U.S.C. § 1011(f) (authorizing the Secretary to regulate "the use and occupancy" of forest land). In particular, the Secretary has the authority to make rules and regulations to protect the forests from fire. 16 U.S.C. § 551. Mendez Concrete argues the authority of the Secretary to regulate the use of the forests, and the jurisdiction of the Court to enforce those regulations, is limited to actions that take place on Forest Service lands.

The Property Clause, U.S. Const. art. IV, § 3, cl. 2, authorizes the Secretary "'to

regulate conduct on non-federal land when reasonably necessary to protect adjacent federal property.'" United States v. Arbo, 691 F.2d 862, 865 (9th Cir. 1982) (quoting United States v. Lindsey, 595 F.2d 5, 6 (9th Cir. 1979)). In fact, the Ninth Circuit states that this authority is "well established." Lindsey, 595 F.3d at 6. In Lindsey, the defendants allegedly camped and built a campfire without a permit on the riverbed of the Snake River in Idaho. The Court held that although the State held title to the riverbed, under the Property Clause, the United States had the authority to regulate the defendants' conduct. Id.

Similarly, in United States v. Alford, 274 U.S. 264 (1927), the Court considered whether it had criminal jurisdiction over a defendant who set a fire on land situated near federal land, which caused damage to federal land when it burned. The defendant was charged under a statute making it illegal to "build a fire in or near any forest." Id. at 266. The Court held that "Congress may prohibit the doing of acts upon privately owned lands that imperil the publicly owned forests." Id. at 267. In interpreting the language of the statute, the Court also noted that "[t]he danger depends upon the nearness of the fire not upon the ownership of the land where it is built." Id.

"Alford and Lindsey establish that Congress has the authority to regulate the setting of fires on non-federal land in order to protect federal land." United States v. Grant, 318 F. Supp. 2d 1042, 1045 (D. Mont. 2004). But a federal court has jurisdiction over criminal acts only when the defendant is charged under a statute or regulation that reaches conduct on non-federal land. Id.

The Grant decision illustrates the importance of the proper interpretation of the charges. In that case, the defendant set several fires on land adjacent to federal property, which burned within seven feet of the forest, but did not burn federal land. He was charged under 18 U.S.C. § 1855, which required that conduct take place within the "partial, concurrent, or exclusive jurisdiction of the United States." Because the statute did not expressly reach conduct on non-federal land, the Court concluded it lacked jurisdiction to consider the charge. Grant, 318 F. Supp. 2d at 1046; cf. Alford, 274 U.S. at 267 (applying statute that expressly governed conduct "in *or near* any forest") (emphasis added).

Here, Mendez Concrete is charged pursuant to regulations that apply when "[a]n act or omission occurs in the National Forest System or on a National Forest System road or trail," 36 C.F.R. § 261.1(a)(1) (2004), as well as when "[a]n act or omission affects, threatens, or endangers property" administered by the Forest Service. 36 C.F.R. § 261.1(a)(2) (2004). Thus, the regulations on their face apply both to acts that take place on forest property and to acts that affect, threaten, or endanger forest property.

Despite the apparently broad application of the regulations, Mendez Concrete argues the Secretary was not authorized by Congress to implement regulations concerning conduct on non-federal property that affects, threatens, or endangers the forest. Mendez Concrete relies primarily on United States v. Grimaud, 220 U.S. 506 (1911), to support this argument. In Grimaud, the Supreme Court clarified that agencies such as the Department of Agriculture cannot exercise legislative powers. Id. at 516-17. In implementing regulations, they are constrained by the more limited non-legislative powers granted to them by Congress. Id. at 517. Once Congress legislates by making conduct unlawful and prescribing a punishment, it is permissible for the agency, by confining itself to the field covered by the statute, to implement regulations "of the nature they had thus been generally authorized to make, in order to administer the law and carry the statute into effect." Id. at 518.

Mendez Concrete argues that in enacting 16 U.S.C. § 551, Congress has not indicated its intent to criminalize acts that take place on non-federal property outside the National Forest. Section 551 authorizes the Secretary to "make provision for the protection against destruction by fire and depredations" upon the national forests, and to regulate the occupancy and use of the forests "to preserve the forests thereon from destruction." 16 U.S.C. § 551. The statute also authorizes criminal punishment for violation of such regulations.

The Court interprets the grant of authority in 16 U.S.C. § 551 to encompass the power to regulate conduct on non-federal land when reasonably necessary to protect the forest from destruction by fire. See Grimaud, 220 U.S. at 521 (holding that the authority granted to the Secretary of Agriculture to protect the forest encompassed the authority to regulate the grazing of sheep on forest land, even though there was no act of Congress which, in express terms,

declared it to be unlawful to graze sheep on a forest reserve).  As in Grimaud, "[a] violation of reasonable rules regulating the use and occupancy of the property is made a crime, not by the Secretary, but by Congress.  The statute, not the Secretary, fixes the penalty."  Grimaud, 220 U.S. at 522.  The Court, however, must examine the specific regulations Mendez Concrete is charged with violating to determine if those regulations are intended to reach conduct on non-federal land.  See Grant, 318 F. Supp. 2d at 1046.

### B. Count One: 36 C.F.R. § 261.5(c)

In Count One, Mendez Concrete is charged with "[c]ausing timber, trees, slash, brush, or grass to burn except as authorized by permit."  36 C.F.R. § 261.5(c) (2004).  On its face, the regulation does not appear to contain a limitation on how the fire is "caused," or on where it is started.

Mendez Concrete references the Court's ruling in United States v. Anderson, in which the Court considered the effect of the exemption in § 261.5(c) for those who act pursuant to a permit.  Essentially, the regulation creates a safe harbor for those who obtain a permit prior to engaging in conduct that could cause forest timber, trees, or brush to burn.  The forest regulations define the term "permit" to mean "authorization in writing by a forest officer."  36 C.F.R. § 261.2 (2004).  The regulation clearly applies to persons acting within the forest lands, who are able to secure a permit to conduct an activity that could result in fire.  The question presented is whether it also applies to conduct that takes place on adjacent non-federal land.

The Government does not argue that Mendez Concrete was required to, or even able to, obtain a permit from the Forest Service before conducting its operations at the boat launch facility.

The permit exemption in § 261.5(c) supports the conclusion that the regulation is intended to apply to conduct occurring on forest lands, and is not intended to apply to conduct on adjacent non-federal property.  This interpretation is consistent with the remaining subsections set forth in § 261.5, which all indicate an intent to regulate conduct taking place in the forest, and not conduct taking place outside the forest lands.  See 36 C.F.R. § 261.5(a), (b), (d)-(f) (2004).  To the extent that § 261.5(c) may be subject to a contrary interpretation, the

rule of lenity requires construction of the regulation against the Government. See Liparota v. United States, 471 U.S. 419, 427 (1985); United States v. Ryberg, 43 F.3d 1332, 1334 (9th Cir. 1995).

Application of the rule of lenity also avoids the criminalization of conduct that ordinarily would be subject only to civil liability. Section 261.5(c) appears to be a strict liability offense, requiring no proof of criminal intent on the part of the wrongdoer. See United States v. Kent, 945 F.2d 1441, 1445-46 (9th Cir. 1991); United States v. Wilson, 438 F.2d 525, 525-26 (9th Cir. 1971). If the regulation is interpreted to apply to Mendez Concrete's conduct, then it also could apply if one its employees left a cigarette unattended at the job site, leading to a fire that spread to the adjacent forest. That is not an activity for which a contractor such as Mendez Concrete would seek a permit in advance, yet it would be subject to criminal prosecution if the regulation is interpreted to reach conduct on non-federal land. The language of the regulation does not indicate it is intended to apply in this manner.

Close consideration of the court's decision in United States v. Lindsey does not require a different conclusion. In that case, the defendants were charged with violating an order that prohibited campfires (36 C.F.R. § 261.52(a)), and violating an order that prohibited camping (36 C.F.R. § 261.58(e)). Lindsey, 595 F.2d at 6 n.1. The defendants allegedly camped and built a campfire on the riverbed of the Snake River. Although the State of Idaho held legal title to the land where they camped, the riverbed was within an area that was surrounded by two national forests, and that comprised part of the Hells Canyon National Recreation Area, and had been designated part of the Wild and Scenic River System created by 16 U.S.C. § 1271. Lindsey, 595 F.2d at 6.

The Lindsey court held that although the State held title to the riverbed where the defendants camped, the United States had the authority to regulate the defendants' conduct. Id. It is not clear whether the court found there was federal jurisdiction because the riverbed, although owned by the State, was part of the Hells Canyon National Recreation Area, or because it was part of the Wild and Scenic River System, or because the underlying orders restricting campfires and camping encompassed land located on the riverbed. The lack of

clarity notwithstanding, it is apparent that the result in <u>Lindsey</u> was dependent on the fact specific nature of the property at issue in that case, and therefore the holding in <u>Lindsey</u> does not control the present case.

In sum, although the Secretary of Agriculture has the authority to regulate conduct occurring on non-federal property that threatens federal land, § 261.5(c) does not expressly reach such conduct. Therefore, Mendez Concrete's Motion to Dismiss Count One for lack of jurisdiction is granted.

### C. Count Two: 36 C.F.R. § 261.10(f)

Mendez Concrete is charged in Count Two with "[p]lacing a vehicle or other object in such a manner that it is an impediment or hazard to the safety or convenience of any person." 36 C.F.R. § 261.10(f) (2004). The Information alleges the "vehicle or other object" was a gas powered saw operated by Mendez Concrete's employees. Mendez Concrete argues the Court lacks jurisdiction over this charge, because it operated the saw on non-federal land adjacent to the forest.

Reasonably construed, by prohibiting the act of "placing" an object, the regulation requires that the object be located on Forest Service land. This conclusion is further supported by the language requiring that the object pose an impediment or hazard to others, who presumably are present on forest land. Otherwise, the regulation would apply to any location where an object poses an impediment or hazard to others. Furthermore, § 261.10 is entitled "Occupancy and Use," which indicates the regulation applies to conduct involving the occupancy and use of the forest, not conduct that takes place outside the forest. <u>See</u> 36 C.F.R. § 261.10.

The Court concludes that § 261.10(f) regulates the placement of an object on Forest Service property. Therefore, the Motion to Dismiss Count Two for lack of jurisdiction is granted.

### D. Defendant Michael Roberts

Mendez Concrete's co-defendant, Michael Roberts, did not join in the motion. Nonetheless, because the motion concerns a question of subject matter jurisdiction that is

dispositive, the Court also dismisses the action against Mr. Roberts. See Fed. R. Civ. P. 12(h)(3).

### Order

For the foregoing reasons, it is ordered that Mendez Concrete's Motion to Dismiss is granted. It is further ordered that judgment be entered dismissing the action as to both defendants for lack of jurisdiction.

Dated: March 16, 2009

_____
RITA COYNE FEDERMAN
UNITED STATES MAGISTRATE JUDGE